IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICKY LEE TAYLOR,
FDOC #115861,
    Plaintiff,

vs.                                        Case No.: 3:14cv205/MCR/EMT

MICHAEL CREWS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 14).

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") when he commenced this action (*see* doc. 1 at 2, 9, 10; doc. 2 at 1–2, 5), sues the present and past secretaries of the FDOC, members of the Florida Parole Commission ("FPC"), and several employees of the FDOC and FPC, alleging they falsely imprisoned him on three separate occasions during the past fifteen (15) years (*see* doc. 1 at 9–10).[1] Plaintiff alleges he was falsely imprisoned for a total period of 7 years, 7 months, and 9 nine days as a result of Defendants' "criminal culpable negligence" (*id.*). He seeks monetary damages in the amount of $7,700,900.00 for false imprisonment, pain, suffering, humiliation, and embarrassment (*id.* at 10).

---

[1] Plaintiff specifically alleges that when he was serving a term of imprisonment from 1996 through March 9, 1999, the FDOC forgot to award him gain time, which resulted in his serving 4 months and 19 days beyond his end-of-sentence ("EOS") date (*see* doc. 1 at 9). He alleges five years later, on February 4, 2004, he was "kidnapped" from his home and placed back in the FDOC for an additional 4 years and 10 months (*id.*). Plaintiff alleges he was released in 2008, but then "kidnapped" again in 2011 and placed in the FDOC for 2 years, 4 months, and 20 days (*id.*). He alleges he was supposed to be released on April 22, 2014, but as of the date he filed the complaint, April 28, 2014, he was still incarcerated (*id.*). The docket indicates Plaintiff was released in early May of 2014 (*see* docs. 4, 7).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); and Fed. R. Civ. P. 72(b).  Upon consideration, for the reasons given below the court recommends that this action be dismissed.

Because Plaintiff was a prisoner when he commenced this action and is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not

file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); Shelton v. Rohrs, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit sua sponte for not disclosing all of information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to Florida Department of Corrections rule prohibiting possession of "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See* Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Section IV of the complaint form, titled "**PREVIOUS LAWSUITS**," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 7–9). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that related to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 8). Where there is a parenthetical area to mark either "Yes" or "No," Plaintiff marked "Yes" (*id.*). Question C continues, "If YES, describe each action in the space

provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below" (*id.*).  Plaintiff identified one case, Taylor v. Florida Parole Commission, Case No. 12001032-CA-MXAX, and stated he filed it in the Circuit Court in and for Santa Rosa County, Florida, on July 2, 2012, and it is still pending (*id.*).  Question D of Section IV asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id.*).  Question D continues, "If so, identify each and every case so dismissed" (*id.*).  Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "No" (*id.*).

Plaintiff thus stated that at the time he filed the instant case, he had not ever initiated any other actions in federal court that related to the fact or manner of his incarceration or the conditions of his confinement, and he had not ever had any other action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.[2]  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id*. at 10).

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in this case, April 28, 2014, he previously filed Taylor v. Warren, Case No. 2:96cv3373-SCP-ETC in the United States District Court for the Northern District of Alabama.[3]  *See* Taylor v. Warren, Case No. 2:96cv3373-SCP-ETC, Complaint (N.D. Ala. Dec. 30, 1996).  On March 18, 1997, the district court dismissed the case prior to service.  *See Id.*, Order (N.D. Ala. Mar. 18, 1997).  Plaintiff did not list this case in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Question D and thus should have been included in Plaintiff's answer to that question.

---

[2] As previously noted, Plaintiff disclosed Case No. 12001032-CA-MXAX filed in state court, and he disclosed other state court cases (*see* doc. 1 at 7 and the attachments to the complaint).  However, he did not disclose any federal cases.

[3] Plaintiff was incarcerated at William Donaldson Correctional Facility in Alabama when he filed Case No. 2:96cv3373-SCP-ETC.  His Alabama inmate number, #FL0051, matches the Alabama inmate number he included on an IFP motion he filed in the instant case (doc. 13).

Case No.:  3:14cv205/MCR/EMT

Additionally, as of the date Plaintiff filed his complaint in this case, he previously filed Taylor v. Williams, et al., Case No. 2:05cv325-VPM in the United States District Court for the Middle District of Alabama.[4]  *See* Taylor v. Williams, et al., Case No. 2:05cv325-VPM, Complaint (M.D. Ala. Apr. 8, 2005).  Plaintiff, an inmate of the FDOC at the time he filed his complaint, sued the sheriff of Barbour County, Alabama, and several employees of the Barbour County Sheriff's Department, claiming that they violated his constitutional rights while he was an inmate of the Barbour County Jail by depriving him of food and medical attention.  *See Id.*  On August 3, 2006, the district court granted summary judgment in favor of Defendants and dismissed Plaintiff claims.  *See Id.*, Memorandum Opinion and Order (M.D. Ala. Aug. 3, 2006).  Plaintiff filed an appeal with the Eleventh Circuit Court of Appeals, Case No. 06-14695-G.  *See Id.*, Notice of Appeal (M.D. Ala. Aug. 28, 2006).  The Eleventh Circuit dismissed the appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *See id.*, Order (M.D. Ala. Dec. 14, 2006).  Plaintiff did not list either the underlying district court case or the federal appeal in Section IV of the instant complaint, even though the underlying case qualified as a court action that was responsive to Question C, and the appeal qualified as a federal court action that was responsive to Question D, and the cases thus should have been included in Plaintiff's answers to those respective questions.

Additionally, as of the date Plaintiff filed his complaint in this case, he previously filed Taylor v. Hartzog, et al., Case No. 2:09cv194-MHT-CSC in the United States District Court for the Middle District of Alabama.  He named three of the same defendants who he had sued in Taylor v. Williams, et al., Case No. 2:05cv325-VPM, and he raised the same constitutional claims.  *See* Taylor v. Hartzog, et al., Case No. 2:09cv194-MHT-CSC, Complaint (M.D. Ala. Mar. 9, 2009).  On April 24, 2009, the district court, adopting the report and recommendation of the magistrate judge, dismissed the case prior to service, pursuant to 28 U.S.C. § 1915(d) and (e)(2)(B)(i), because Plaintiff's claims were plainly barred by the statute of limitations.  *See Id.*, Order (M.D. Ala. Apr. 24, 2009).  Plaintiff did not list this case in Section IV of the instant complaint, even though it

---

[4] The FDOC inmate number that Plaintiff included in his initial pleading in that case, #115861, matches the FDOC inmate number included on the complaint he filed in the instant case (doc. 1).

Case No.:  3:14cv205/MCR/EMT

qualified as a federal court action that was responsive to Question D and thus should have been included in Plaintiff's answer to that question.

The information from Section IV of the complaint form is useful to the court in enforcing the "three strikes" provision of 28 U.S.C. § 1915(g).[5] *See* Spires v. Taylor, Case No. 3:00cv249/RH, Order of Dismissal, doc. 10 (N.D. Fla. Oct. 27, 2000). The information on the form also assists the court in determining whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. Requiring disclosure of previously filed cases on the complaint form relieves the court of the time-consuming task of combing the dockets of state and federal courts to identify cases previously filed by the plaintiff. This administrative benefit would be lost if plaintiffs were relieved of the obligation of identifying all previously filed cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff knew that accurate disclosure of his litigation history was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.[6] Yet Plaintiff failed to disclose all of the cases he was required to disclose. If Plaintiff suffered no penalty for his untruthful response to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine

---

[5] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." Rivera, 144 F.3d at 726.

[6] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 7).

Case No.:  3:14cv205/MCR/EMT

the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[7] *See* Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Spires, No. 3:00cv249-RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Plaintiff's complaint is subject to dismissal without prejudice on an additional ground. Section 1997e(e) of Title 42 provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. *See* Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citation omitted). Additionally, where a prisoner plaintiff alleges constitutional violations, he is prevented under § 1997e(e) from seeking punitive or compensatory damages in the absence of physical injuries that are greater than *de minimis*. *See* Harris v. Garner, 190 F.3d 1279, 1282, 1286–87 (11th Cir. 1999), *reh'g en banc*

---

[7] Although Plaintiff has the right to amend his complaint as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), amending his complaint to disclose the previous lawsuits which he failed to identify would equate to overlooking his abuse of the judicial process. *See* Hood, 197 F. App'x at 819. Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose in his initial complaint, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

Case No.: 3:14cv205/MCR/EMT

*granted, opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part on reh'g*, 216 F.3d 970 (11th Cir. 2000); <u>Al-Amin v. Smith</u>, 637 F.3d 1192, 1199 (11th Cir. 2011).

Here, Plaintiff seeks monetary damages for pain, suffering, humiliation, and embarrassment he suffered as a result of Defendants' allegedly falsely imprisoning him, but he does not allege he suffered any physical injury as a result of Defendants' conduct. Therefore, he is not entitled to the relief he seeks.[8] Because Plaintiff has now been released from incarceration and is thus no longer a prisoner, § 1997e(e) would not bar a new federal civil action for mental or emotional injury he suffered while in custody.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1), 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and 42 U.S.C. § 1997e(e).

2. That the clerk be directed to close this file.

At Pensacola, Florida, this 18th day of September 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[8] Even if Plaintiff sought declaratory or injunctive relief, it would not be available in light of the fact that he was released from incarceration after he filed this lawsuit. *See* <u>Smith v. Allen</u>, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."), *abrogated on other grounds by* <u>Sossamon v. Texas</u>, — U.S. —, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011); <u>Spears v. Thigpen</u>, 846 F.2d 1327, 1328 (11th Cir. 1988); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985).

Case No.: 3:14cv205/MCR/EMT